# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DISTRICT

**RECEIVED**

SHAUNTE FASON

Plaintiff,

FEB - 3 2023

Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN. Memphis

v.                                    **JURY DEMANDED**

MEMPHIS LIGHT GAS AND WATER DIVISION

Defendant,

## COMPLAINT

**COMES NOW** the Pro Se Plaintiff, James Burse (hereinafter the "Plaintiff" or "I" or "Ms. Fason"), and files his Complaint against Defendant Memphis, Light, Gas, and Water Division ("MLGW"), In support of his claims, Plaintiff would respectfully show unto the Court as follows:

## NATURE OF THE ACTION

This is an action brought under the Americans with Disability Act Amendments Act ("ADAA"), 42 U.S.C. §§ 12112 – 12117 (amended by the ADA Amendments Acts of 20 and Tennessee state law. Defendant is liable for unlawfully discriminating against Plaintiff.

## JURISDICTION AND VENUE

1

1.    Jurisdiction is specifically conferred upon this United States District Court by 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under Tennessee law.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division; therefore, pursuant to 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 2000(e)- 5(f)(3), venue is appropriate in this Court.

### ADMINISTRATIVE PROCEDURES

3.    Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII.  Plaintiff filed his Charges of Discrimination against MLGW (**490-2022-02876**) on  the charge is attached hereto as Collective **Exhibit A.**

4.    On May 26, 2022, the Equal Employment Opportunity Commission ("EEOC") issued Plaintiff his Right to Sue letter for the Charge of Discrimination that he filed against MLGW, of which he received on November 7,2022.  The Notice is attached hereto as Collective **Exhibit B.**

5.    The Charge of Discrimination was timely filed, and Plaintiff brings this lawsuit within ninety (90) days of his receipt of it.

### PARTIES

6.    Plaintiff is an African American male, and he resides in Shelby County, Tennessee.

7.    Defendant MLGW is a political subdivision and an entity of the local government in

Memphis, Shelby County, Tennessee, organized and existing under the laws of the State of

Tennessee. Its principal place of business is 220 South Main Street, Memphis, Tennessee

38103.  It may be served with process through its Legal Department, located at 220 South

Main Street, Memphis, Tennessee 38103.

8.    Defendant is now, and at all times relevant hereto, an employer engaged in an

industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII, 42

U.S.C. § 2000e(b), (g) and (h), and have employed more than the requisite number of

persons for the requisite duration under Title VII.

9.  Defendant is now, and at all times relevant hereto, Plaintiff's employer.

## FACTUAL ALLEGATIONS

10.  Plaintiff was hired by Defendant on or around July 3, 2016, in the position of Clerk, PBX
Operator.

11. Plaintiff filed an internal complaint where she alleged that she was constantly pulled into
the office blatantly talking about her FMLA which she believed that it was totally against
HIPPA Laws.

12. Plaintiff's filed internal complaint asserted that on Monday January 24, 2022, she called in
to work because she had FMLA on file.

13. Plaintiff's filed internal complaint asserted that Mr. Jackson blatantly asked her why do
she always get a headache over the weekend?

14. Plaintiff's filed internal complaint asserted that her response to Mr. Jackson was she never
know when she will have a flare up, but it's been here since Saturday morning.

3

15. Plaintiff's filed internal complaint asserted that Mr. Jackson instructed her to call Mr. Shotwell.

16. Plaintiff's filed internal complaint asserted that she told Mr. Jackson she called Ron and told him to put her down for FMLA and that she had already notified Charles and he just said ok.

17. Plaintiffs filed an internal complaint asserted that there have been instances where she called in FMLA and Mr. Shotwell will sigh on the phone, and then say let me call Gale and Tamara and let them know.

18. Plaintiff's filed internal complaint asserted that she responded   okay, My paperwork is on file.

19. Plaintiff's filed internal complaint asserted that after getting off the phone with Mr. Jackson, she contacted Union Stewart Tommie Pollion to let him know what was said to her when she called in.

20. Plaintiff's filed internal complaint  asserted that there have been instances in the past in 2021 where she had been called in the office for calling in using her FMLA.

21. Plaintiff's filed internal complaint asserted that she told Mr. Jackson that her doctor informed her that she can take off 6 times a month.

22. Plaintiff's filed internal complaint asserted that she told Mr. Jackson that if she had a headache or migraine and cannot function, she won't be in.

23. Plaintiff's filed internal complaint asserted that Mr. Jackson informed her that they may say that, but they don't really mean it in her face in his office.

24. Plaintiff's filed internal complaint asserted that she stated whatever her paperwork states that's what she can take.

25. Plaintiff's filed internal complaint asserted that she was livid and called her union steward and told him about it.

26. Plaintiff's filed internal complaint asserted that she returned to work on January 27, 2022, on the zoom call Mr. Shotwell spotlighted Zena Bowen, and blatantly said PBX has some issues there.

27. Plaintiff's filed internal complaint asserted that she felt very offended and when she got off of work she and Anthony Burks talked about the zoom call.

28. Plaintiff's filed internal complaint asserted that Anthony Burks asked her if she was ok and that she clearly told him no and that she felt it was wrong on all levels, because she had her federal paperwork on file.

29. Plaintiff's filed internal complaint asserted that she told Anthony Burks that she was not abusing FMLA and there are times where she cannot function and must call in.

30. Plaintiff's filed internal complaint asserted that her neurologist took her off as she ended up having to get two shots one in both arms and was taken off all those days.

31. Plaintiff's filed internal complaint asserted that she told Anthony Burks that she feel like she was given a hard time when she put in my Legal Federal Paperwork in place.

32. Plaintiff's filed internal complaint asserted that on February 3, 2022, she informed Anthony Burks that she sent her sign on email on time @ 08:30 am however Outlook didn't send it to him till 9:42 a.m.

33. Plaintiff's filed internal complaint asserted that she was called in the office once again asking why she was an hour late harassed again, and that she clearly told him that it was the snow days and every day she was the only employee that showed up early, because every other employee was late and that security spoke up for her.

34. Plaintiff's filed internal complaint asserted that she by this time, she was clearly upset as she keeps a paper trail of everything that goes on up here, and her union steward Tommie Pollion has been copied or texted every time she had been harassed.

35. Plaintiff's filed internal complaint asserted that she went downstairs to HR and called Security and spoke with Officer Malone.

36. Plaintiff's filed internal complaint asserted that Officer Malone verified that every day she was in on time, because they allowed her to park in handicap since last year she had to pay $150.00 to get out of the snow, after being stuck she did not want to risk getting stuck in the snow again.

37. Plaintiff's filed internal complaint asserted that Mr. Jackson then wanted to apologize and tell her that he was sorry.

38. Plaintiff's filed internal complaint asserted that no before you pull someone into the office do an investigation don't assassinate a person's character, and accuse them of being late when she was the only employee that came in on time every snow day.

39. Plaintiff's filed internal complaint asserted that she feels very uneasy coming in to work constantly being harassed when she returns to work and how she was treated when she calls into work.

40. Plaintiff's filed internal complaint asserted that on April 1, 2022, she was pulled into the office and Mr. Jackson states that he has been getting complaints about her phone being off in PBX.

41. I clearly ask him who complained because it would have to be from the inside up here in PBX, and Jackson says no it's people from the outside which I know this isn't true because only the inside would know if their phone is off.

42. Plaintiff's filed internal complaint asserted that a person calling from the outside would have to know her extension number to see if her phone was off, and its clear customers don't have access to that.

43. Plaintiff's filed internal complaint asserted that she  noticed that whenever someone calls from the mailroom, when they need someone up here, they will call her extension instead of the person extension they need.

44. Plaintiff's filed internal complaint asserted that the people who were calling clearly knew everyone's personal extension because they were laminated cards sent with everyone's name and numbers and extensions on it and everyone got a copy of it.

45. Plaintiff's filed internal complaint asserted that she didn't appreciate being talked to this way by Mr. Jackson when she asked if it came from her peers, it clearly lets her know that she was being picked on.

46. Plaintiff's filed internal complaint asserted that Ms. Zena Bowen is the administrator and she can see everything and that she clearly asked her if she had complained to him, she said no.

47. Plaintiff's filed internal complaint asserted that there have been times in the past when my console disconnected my phone and she'd say hey Shaunte your phone disconnected, and I'd reconnect it immediately.

48. Plaintiff's filed internal complaint asserted that It is impossible to sit idle without the other operator knowing.

49. Plaintiff's filed internal complaint asserted that she noticed there have been times where Mr. Jackson will come up to PBX every day and peek around the corner to see what she

was doing as If she could not see him because her back was turned but she see everything whether she say anything or not.

50. Plaintiff's filed internal complaint asserted that there are times where our phones will disconnect themselves by themselves because of the computers and software being old every time and that there have been numerous of tickets created in the help desk system regarding this.

51. Plaintiff's filed internal complaint asserted that when she come into work her phone is always on and that she never sat with her phone off because it's impossible to have anyone with their phones off in PBX when it's a switch board because it would notify the other workers if calls are coming in, they would get repetitive calls constantly because the other person phone is off.

52. Plaintiff's filed internal complaint asserted that this was the main reason she bided out of the mailroom, to get from away from under Mr. Jackson leadership, as it was the same things going on when she was in the mailroom.

53. Plaintiff's filed internal complaint asserted that Mr. Jackson always pulls her in the office and no one else gets pulled in ever.

54. Plaintiff's filed internal complaint asserted that she was tired of being harassed and that she noticed every time she was the one Mr. Jackson loved to pick on all the time about things.

55. Plaintiff's filed internal complaint asserted that Mr. Jackson never calls any of the other two employees into his office.

56. Plaintiff's filed internal complaint asserted that not only was she falsely accused but she was constantly being harassed about how she took her FMLA.

57. Plaintiff's filed internal complaint asserted that she clocked in to do her job and didn't say anything to anyone from the time she sit down to the time she would leave.

58. Plaintiff's filed internal complaint asserted that this made her job very uneasy to the point where she didn't even like coming in there, because she was constantly picked on and always called into Jackson office and constantly harassed.

59. Plaintiff's filed internal complaint asserted that every time she was called into the office it's for something that made no sense to her, anytime her union steward had ever gotten involved it was always done in proper protocol and according to their handbook on her end and that no company rules were never violated.

60. Plaintiff's filed internal complaint asserted that to her it was clearly called harassment and that It made her upset because she was very detail oriented individual that paid attention to everything that went on around there.

61. Plaintiff's filed internal complaint asserted that when Mrs. Jacqueline Reed was over them, she didn't have any of these issues, had great reviews, no harassment and was never pulled into the office.

62. Plaintiff's filed internal complaint asserted that as soon as Mr. Jackson get us back, she has been trying to bid out ever since.

63. Plaintiff's filed internal complaint asserted that when Alvin Brown was there, he would make Jackson pull her call logs and say that she didn't take as many calls as Zena because she was fulltime.

64. Plaintiff's filed internal complaint asserted that her response was Zena came to work more than her and that she has serious medical condition that prohibits her to come on certain days.

65. Plaintiff's filed internal complaint asserted that she got her union Steward involved again because they are not on a quota in PBX when it comes to calls it is nowhere in their job description.

66. Plaintiff's filed internal complaint asserted that people don't know how many calls an individual PBX operator line gets.

67. Plaintiff's filed internal complaint asserted that regarding her  sick days they made her me bring a doctor note every time she was sick but  not when she took take her FMLA and she was constantly pulled in the office about it.

68. Plaintiff's filed internal complaint asserted that in the past she had to have her union Steward involved because  as it relates to her performance reviews Jackson  tried to reprimand her on her attendance which she had doctor notes for every day and FMLA paperwork on file and Jackson would always try to go back a year and try to write her up.

69. Plaintiff's filed internal complaint asserted that the Union would overturn this action by Jackson every time.

70. Plaintiff's filed internal complaint asserted that to top all of this, Mr. Tommie had been following all of this since day one, she sent this complaint to Linda Ford she stated that she addressed these issues with the parties but was not at liberty to discuss it with her.

71. Plaintiff's filed internal complaint asserted that going through this made her workday unpleasant and uneasy to be in an environment like that and that she needed to know what to do because the actions by Jackson had to stop.

72. Plaintiff's filed internal complaint asserted that she come in to work and that's what she do every day while being quiet and that she was quiet because of what went on

73. Plaintiff's filed internal complaint asserted that. She suffers from excruciating migraine headaches and has FMLA paperwork on file in HR and with UNUM.

74. Plaintiff's filed internal complaint asserted that she  always made sure she was an attentive employee and was actually told by Mr. Shotwell that she was am a very good operator as he sat next to her several times and observed her do her job.

75. Plaintiff's filed internal complaint asserted that she didn't understand why she was harassed on a continuous basis.

76. Plaintiff's filed internal complaint asserted that all the harassment caused her undue emotional stress on her job and increased her migraine headaches when she knew know she came to work and did everything correct.

77. Plaintiff's filed internal complaint asserted that she had excruciating headache even since the morning when she wrote her complaint.

78. Plaintiff's filed internal complaint asserted that on April 8, 2022, Mr. Jackson came into PBX saying it's a little loud in here and ask everyone tone it down where she said she was quiet all day.

79. Plaintiff's filed internal complaint asserted that she only talked when she was taking calls.

80. Plaintiff's filed internal complaint asserted that she reminded Jackson that she had a hearing disability.

81. Plaintiff's filed internal complaint asserted that Jackson told her she shouldn't have to talk as loud when answering the phones.

82. Plaintiff's filed internal complaint asserted that she felt totally discriminated against as a person that doesn't have a hearing disability cannot tell her how her hearing affects her speech especially when she was never loud.

83. Plaintiff's filed internal complaint asserted that she I come to work to work and perform her best and not to be harassed and pulled into the office. I

84. Plaintiff's filed internal complaint asserted that she caught COVID and had to exhaust all her vacation leave and it left without vacation and she had legal court proceedings that were mandatory.

85. Plaintiff's filed internal complaint asserted that beginning with the first one on May 24, 2022 that she was given more than 30-day notice for.

86. Plaintiff's filed internal complaint asserted that she was told that she could not take off to attend legal court without being reprimanded.

87. On November 8, 2022, Plaintiff received a written communication from Defendant's internal Labor Engagement, Diversity & Inclusion Department that informed her that they administratively closed her disability charge because they received Notice of Charge, on October 28, 2022, from the EEOC.

88. Plaintiff filed an external EEOC Charge on November 28, 2022.

89. Plaintiffs filed EEOC Charge of Discrimination asserted that she was employed with Defendant since July 3, 2016, as an Operator.

90. Plaintiffs filed EEOC Charge of Discrimination asserted that she had been on intermittent FMLA due to her disability since 2018.

91. Plaintiff's filed EEOC Charge of Discrimination asserted that since 2019 she had been consistently harassed about her disability by Supervisor Charles Jackson.

92. Plaintiff's filed EEOC Charge of Discrimination asserted that Supervisor Jackson consistently called her into his office to question her about her FMLA .

93. Plaintiffs filed EEOC Charge of Discrimination asserted that Supervisor Jackson made derogatory comments about her disability.

94. Plaintiffs filed EEOC Charge of Discrimination asserted that Supervisor Jackson continuously attempted to write her up for performance and attendance issues because of her disability.

95. Plaintiff's filed EEOC Charge of Discrimination asserted that she filed complaints with Human Resources Linda Ford.

Plaintiffs filed EEOC Charge of Discrimination asserted that she filed complaints with EEO Renee Daniels, and nothing was done. **Exhibit C**

96. Plaintiffs filed EEOC Charge of Discrimination asserted that she believed she was discriminated against because of her disability in violation of the Americans with Disability Act Amendments Act ("ADAA"),

<u>CAUSES OF ACTION</u>

**COUNT 1- DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITY ACT**

97. Plaintiff incorporates all the foregoing paragraphs herein as if restated again in full.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court:

A. Order the Defendants to pay Plaintiff compensatory damages, including back pay, front pay (and/or reinstatement), missed overtime pay and benefits including vacation and sick time, restore pension for the injuries he sustained as a result of Defendants' conduct, in amounts to be determined at trial.

B. Order the Defendant to compensate Plaintiff for his emotional harm.

C. Order Defendants to pay all pre-judgment and post-judgment interest on all compensatory damages.

D. Order Defendant to pay punitive damages.

E. Order Defendant to pay reasonable attorneys' fees incurred with interest thereon.

H. Order Defendant to pay the costs of this action.

I. Grant a jury trial; and

J. Grant such further relief as the Court deems necessary and proper.

K. Defendant are liable to Plaintiff for the resulting injuries and damages.

_____ (Signature)

Pro Se Plaintiff

4264 OLD FOREST RD address
Memphis, Tn. 38125
slfason1978@gmail.com email
901 318-2998 phone number

14

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TENNESSEE**

**WESTERN DISTRICT**

**SHAUNTE FASON**

Plaintiff,

v.

**MEMPHIS LIGHT GAS AND WATER DIVISION**

Defendant,

# EXHIBIT A





## LABOR ENGAGEMENT, DIVERSITY & INCLUSION
## CHARGE OF DISCRIMINATION

| 1. Name:<br>SHAUNTE FASON | 2a. Employee No.:<br>4022 | 2b. Supervisor Name:<br>CHARLES JACKSON |
|---|---|---|
| 3. Mailing Address: (Street or P.O. Box)<br>4264 OLD FOREST RD | 4. City, State and Zip:<br>MEMPHIS TN 38125 | |
| 5. Email:<br>SLFASON@MLGW.ORG | 6a. Home Phone:<br>901-318-2998 | 6b. Work Phone:<br>901-528-4011 |

| 7. Job Classification:<br>PBX OPERATOR | 8: Employment Status:<br>☐ MLGW Employee  ☐ Applicant  ☐ Vendor<br>☐ Non Bargaining Employee<br>☐ Bargaining Employee<br>☐ Other |
|---|---|
| 9: Department Where Discrimination Took Place:<br>MAILROOM, PBX | 10. Name & Title of Person(s) Who Subjected You to Discrimination:<br>CHARLES JACKSON SUPERVISOR<br>RONALD SHOTWELL MANAGER |
| 11a. List the names of all witnesses with knowledge of discriminatory act:<br>PBX OPERATORS, WHOLE ENTIRE DEPARTMENT ON ZOOM | 11b. Date(s) When Discrimination Took Place:<br>JAN 24, 27, 2022 FEBRUARY 3, 2022<br>APRIL 1, 2022 APRIL 8, 2022<br><br>THERE ARE SEVERAL DATES MY UNION STEWARD HAD TO BE INVOLVED IN THE UNION HAS THOSE DATES OF APPEARANCE |

### Type of Discrimination Alleged

| | |
|---|---|
| ☐ Race (Specify)<br>☐ Sex (LGBT)<br>☐ Sex (Male, Female or Pregnancy)<br>☐ Color (Specify)<br>☐ Age | ☐ Religion (Specify)<br>☐ Retaliation (Specify Activity)<br>☐ National Origin (Specify)<br>☐ Disability (Specify)<br>☐ Genetic Information (Specify) |

### Nature of Charge

| | | |
|---|---|---|
| ☐ Advertising<br>☐ Benefits<br>☐ Demotion<br>☐ Discharge<br>☐ Harassment<br>☐ Hiring | ☐ Job Classifications<br>☐ Layoff<br>☐ Promotion<br>☐ Qualifications/Training<br>☐ Seniority<br>☐ Terms & Conditions | ☐ Training/Apprenticeship<br>☐ Union Representation<br>☐ Wages<br>☐ Unspecified/Other |

## LABOR ENGAGEMENT, DIVERSITY & INCLUSION
## CHARGE OF DISCRIMINATION

12. Have you filed a discrimination complaint with the Tennessee Human Rights Commission (THRC) or the Equal Employment Opportunity Commission (EEOC)?

☐ Yes, Date you filed complaint: _____
☐ No
☐ Outcome Result:

13. Describe the unlawful employment practice or situation(s) that resulted in you alleging discrimination because of your race, color, religion, sex, age, national origin, retaliation, and/or genetic information. List data such as names, dates, specific incidents and how other individuals were treated differently than you.

I have been constantly pulled into the office barely talking about my FMLA which is totally against HIPPA Laws. On Monday January 24, 2022 I called in to work because I have FMLA on file. Mr. Jackson barely asks me why do I always get a headache over the weekend? My response was I said I never know when I will have a flare up, but it's been here since Saturday morning. He said call Mr. Shotwell. I said sure I called Ron and told him to put me down for FMLA and that I had a easily notified Charles, he just said ok. There have been instances where I have called in FMLA Mr. Shotwell will sigh on the phone, and then say let me call Gala and Tamara and let them know. I'm ok okay. My paperwork is on file. After getting off the phone with Mr. Jackson, I contacted Union Steward Tommie Polson to let him know what was said to me when I called in. There have been instances in the past in 2021 where I have been called in the office for calling in using my FMLA, and I have told Mr. Jackson that my doctor says that I can take off 6 times a month and if I have a headache or migraine and cannot function I won't be in. He then says we they may say that, but they don't really mean it in my face in his office. I said well whatever my paperwork states that's what I can take. I was livid and called my union steward and told him about it. I return to work on January 27, 2022, on the zoom call Mr. Shotwell spotlighted Zena Bowan, and bluntly said PBX has some issues there. (I felt very offended) when I got off of work me and Anthony Burks talked about the zoom call he asked me if I was ok and I clearly said no that I felt it was wrong on a evers. because I have my federal paperwork on file, and am not abusing FMLA there are times where I cannot function and must call in. Long story made short, my neurologist took me off and I ended up having to get two shots one in both arms and was taken off all those days. I feel like I'm given a hard time when I've put in my Legal Federal Paperwork in place. On February 3, 2022, I sent my sign on email on time @ 08:30 am, Outlook didn't send it to him @ 9:42 a.m. I was called in the office once again asking why I was an hour late harassed again, I clearly told him that it was the snow days and every day I was the only employee that showed up early. every other employee was late security spoke up for me By this time, I'm crazy upset as I keep a paper trail of everything that goes on up here, and my union steward Tommie Polson has been copied or texted every time I have been harassed. I went downstairs to HR and called Security and spoke with Officer Marone she verified that every day I was in on time, because they allowed me to park in handicap since last year I had to pay $150.00 to get out of the snow, after being stuck. I did not want to risk getting stuck in the snow again. Mr. Jackson then wants to apologize and tell me he is sorry, no before you put someone into the office do an investigation don't assassinate a person's character, and accuse them of being late when I was the only employee that came in on time every snow day. I feel very uneasy coming in to work constantly being harassed when I return to work and how I'm treated when I call into work. Now here we are on April 1, 2022 I am pulled into the office and he states that he has been getting complaints about my phone being off in PBX. I clearly ask him who complained because it would have to be from the inside up here in PBX, he says no it's people from the outside. Which I know this isn't true because on y the inside would know. if our phone is off. A person calling from the outside would have to know my extension number to see if my phone is off, and its clear customers don't have access to that. I have also noticed that whenever someone calls from the mailroom, when they need someone up here, they will call my extension instead of the person extension they need. When they clearly know everyone a personal extension because they were laminated cards sent with everyone's name and numbers and extensions on it and everyone got a copy of it. I don't appreciate being talked to this way by Mr. Jackson when I asked if it came from my peers. It clearly lets me know I'm being picked on. Ms. Zena Bowen is the administrator and she can see everything. I clearly asked her if she had complained to him, she said no. There have been times in the past when my console disconnected my phone and she'd say hey Shaunte your phone disconnected, and I'd reconnect it immediately. It is impossible to sit idle without the other operator knowing. I noticed there have been times where Mr. Jackson will come up to PBX every day and peek around the corner to see what I'm doing as if I cannot see him because my back is turned. I see everything whether I say anything or not. There are times where our phones will disconnect themselves by themselves because of the computers and software being old every time. There have been numerous of tickets created in the help desk system regarding this. I come into work my phone is always on. I never sit with my phone off because it's impossible to have anyone of our phones off in PBX when it's a switch board and it will notify the other workers if calls are coming in, they will get repetitive calls constantly because the other person phone is off. This was the main reason I bided out of the mailroom. to get from away from under Mr. Jackson leadership, as it was the same things going on when I was in the mailroom. It just amazes me that Mr. Jackson always puts me in the office. (no one else gets pulled in ever !!!!) I'm tired of being harassed. I notice every time like I'm the one he loves to pick on all the time about things, as he never calls any of the other two employees into his office never. So not only am I falsely accused I'm constantly being harassed about how I take my FMLA. I cock in do my job don't say anything to anyone from the time I sit down to the time I leave. This makes my job very uneasy to the point where I don't even like coming in here, because I'm constantly picked on and am always called into his office constantly harassed. and every time it's for something that makes no sense to me. anytime my union steward has ever gotten involved it has always been done In proper protocol and according to our handbook on my end no company rules never violated. So this to me is clearly called harassment. It makes me upset, because I am a very attention to detail oriented individual and I pay attention to everything that goes on around here. When Ms. Jacqueline Reed was over us. I didn't have none of these issues, great reviews. no harassment nothing and was never pulled into the office, but as soon as Mr. Jackson get us back. I have been trying to did out every since. Also when Alvin brown was here, he wou d make him pull my call logs and say that I don't take as many calls as Zena because I'm fulltime, my response was Zena comes to work more than me I have a serious medical condition that prohibits me to come on certain days. A so, I got my union Steward involved again because we are not on a quota in PBX when it comes to calls it is nowhere in our job description. You don't know how many calls an Individual PBX operator line gets. Than on my sick days they are making me bring a doctor note every time I'm sick. But not when I take my FMLA and I am constantly pulled in the office about it. And in the past I have had to have my union Steward involved because my performance reviews he tried to reprimand me on my attendance which I had doctor notes for every day and FMLA paperwork on file and he would always try to go back a year and try to write me up. The Union would overturn this every time. Then to top all of this. Mr. Tommie has been following all of this since day one, I sent this complaint to Linda Ford she stated that she addressed these issues with the parties but was not at liberty to discuss it with me. Going through this makes my work day unpleasant and uneasy to be in an environment as such. please let me know what I can do, because this has to stop as I come in to work and that's what I do every day while being quiet. I'm quiet because of what goes on. I suffer from excruciating migraine headaches and have FMLA paperwork on file in HR and with UNUM. I always make sure I'm an attentive employee and have been told by Mr. Shotwell that I am a very good operator. He has sat next to me several times and observed me do my job. So, I don't understand why I'm being harassed on a continuous basis. This is causing undue emotional stress on my job and increasing my migraine headaches. when I know I come to work and do everything correct. I have had an excruciating headache since this morning. On April 6, 2022 Mr. Jackson comes into PBX saying it's a little loud in here and ask everyone tone it down. I said I'm quiet all day. I only talk when I'm taking calls. I reminded him that I have a hearing disability. He said I shouldn't have to talk as loud when answering the phones. I felt totally discriminated against. A person that doesn't have a hearing disability cannot tell me how my hearing affects my speech. And I'm never loud. I come to work and perform my best not to be harassed and pured into the office. I also caught COVID and had to exhaust a vacation due to such. now I'm sitt without vacation and have lega. court proceedings that are mandatory. Beginning with the first one on May 24, 2022 that I have given more than 30 day notice for. I am being told that I cannot take off to attend. without being reprimanded. Please advise. Thanks so much

14. What remedy are you seeking to resolve this complaint?

I am wanting a peace of mind when I come to work as I follow all rules and protocol. If this won't get resolved I prefer to be moved to another area.

# LABOR ENGAGEMENT, DIVERSITY & INCLUSION
# CHARGE OF DISCRIMINATION

| Acknowledgement Statement | |
|---|---|
| MLGW is committed to Equal Employment Opportunity (EEO) and ensures that no employee, applicant or potential applicant is discriminated against based on race, color, sex, national origin, religion, disability, retaliation and/or genic information. If you believe that you have been discriminated against or harassed based on the protected classes and would like to submit an EEO complaint, please complete this form. Providing information is voluntary, but if not provided, we may not process your request. We may disclose your information to any individual deemed necessary, including relevant Management employees, MLGW's Legal Department, and/or to any pertinent external agency governing statutes against unfair employment practices. | The information requested is necessary to process a complaint for discrimination, which must be submitted within 300 days from the alleged discriminatory act. Your complaint must be signed before it can be accepted for investigation. No one may retaliate against any person because he or she has opposed any discriminatory act or has made charges, testified or participated in any action under any laws prohibiting job discrimination. |

| Authorization |
|---|

The information which I have stated is true and complete to the best of my knowledge. The information given will not be held confidential and may be shown to interested parties and made a permanent part of the record of investigation.

☐ I **am willing** to resolve my complaint through the conflict resolution process.

☐ I **am not willing** to resolve my complaint through the conflict resolution process.

**Please submit the completed Labor Engagement, Diversity & Inclusion Charge of Discrimination form by email to: mlgw-eec@mlgw.org or through inter office mail to: Labor Engagement, Diversity & Inclusion Department mail code: AB 01 105.**

| 15a. Charging Party's Signature: | 15b. Date: |
|---|---|
| 16a: LEDI Specialist Signature: | 16b: Date: |

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TENNESSEE

WESTERN DISTRICT

**SHAUNTE FASON**

Plaintiff,

v.

**MEMPHIS LIGHT GAS AND WATER DIVISION**

Defendant,

# EXHIBIT B

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Memphis District Office**
1407 Union Avenue, 9th Floor
Memphis, TN 38104
(901) 685-4590
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 11/07/2022

**To:** Ms. Shaunte L. Fason
4264 Old Forest Road USA
Memphis, TN 38125
Charge No: 490-2022-02876

EEOC Representative and email:    Tommye Cooper
Federal Investigator
tommye.cooper@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 490-2022-02876.

On behalf of the Commission,

Digitally Signed By:Edmond Sims
11/07/2022
Edmond Sims
Acting District Director

**Cc:**
Jaye Mosby-Mecham
Labor Engagement, Diversity & Inclusion Manager
Memphis Light Gas and Water
220 South Main Street
Memphis, TN 38103


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 490-2022-02876 to the District Director at Edmond Sims, 1407 Union Avenue 9th Floor

Memphis, TN 38104.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For moreinformation, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC  FEPA | 490-2022-02876 |

| Tennessee Human Rights Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Ms. Shaunte L. Fason | 901-318-2998 | |

| Street Address |
|---|
| 4264 Old Forest Rd USA |
| MEMPHIS, TN 38125 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| MLGW | 501+ Employees | |

| Street Address |
|---|
| 220 South Main Street |
| MEMPHIS, TN 38103 |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest | Latest |
| Disability | 01/24/2022 | 10/28/2022 |
| | Continuing Action |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I have been employed with the above-named company since July 3, 2016, as an Operator. I have been on intermittent FMLA due to my disability since 2018. Since 2019, I have been consistently harassed about my disability by Supervisor Charles Jackson. Jackson consistently calls me into his office to question me about my FMLA and makes derogatory comments about my disability. Jackson also continuously attempts to write me up for performance and attendance issues because of my disability. I have filed complaints with HR Linda Ford and EEO Renee Daniels and nothing has been done. I believe I have been discriminated against because of my disability in violation of the Americans with Disabilities Act Amendments Act (ADAAA).

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.  **Digitally Signed By: Ms. Shaunte L. Fason**  10/28/2022  *Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT  SUBSCRIBED   AND   SWORN   TO   BEFORE   ME   THIS   DATE (month, day, year) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TENNESSEE**

**WESTERN DISTRICT**

**SHAUNTE FASON**

Plaintiff,

v.

**MEMPHIS LIGHT GAS AND WATER DIVISION**

Defendant,

# EXHIBIT C



**MEMPHIS LIGHT, GAS AND WATER DIVISION**

**INTER-DEPARTMENTAL CORRESPONDENCE**

**Labor Engagement, Diversity & Inclusion Department/ AB-105/ 528-4264/ FAX 528-7608**

**Interview questions for: Shaunte Fason**

**Re: Harassment (Disability) - LEDI Charge: 22-11**

1. What is the medical condition that you believe was the basis for the employer's alleged discrimination?

Hearing disability, it's listed in H.R. on my employe file. H. R. has had it on file since I've been employed as of 2016.

2. How long have you had this condition?

  Since the second grade.

3. If the condition has been diagnosed by a health care professional, when and what was the diagnosis?

Hearing loss, completely deaf in left ear. Only have about 80% of hearing in right ear. Must use a hearing aid to hear in right ear.

4. Do you know how long your condition is expected to last and how do you know?

Lifetime

5. If the condition is of a short duration (weeks or months), have there been or do you expect any permanent or long-term effects on your physical or mental wellbeing or on your level of function?

It will have a permanent effect on  me because sometimes I might miss out on something being said and my hearing loss is permanent. It doesn't affect me functioning but my voice may be a little higher then others because of this.

6. If your condition flares up or gets worse from time to time, how often does this happen, and under what circumstances?

My hearing loss may go up down sometimes, I can wake up and be able to hear clearly some mornings I can't hear clearly. I have to hold my nose take a deep breath and it comes back clearly, or throughout the day I have to keep doing this often. My hearing aid is always in place. So I with it just fine.

7. If you have even been hospitalized for your condition, when and for how long?

Never

8. If you regularly see a doctor or other health care professional because of your condition, what kind of doctor or health care professional do you see and how often do you see this professional?

ENT, I see him whenever I need my ears sucked out or whenever I cannot hear clearly.

9. Are you undergoing any treatment (such as dialysis, blood transfusions, radiation, or chemotherapy), or do you take any medication (such as insulin or antidepressants), or use any non-obvious assistive devices (such as prosthesis or computer devices) to help with your condition? Please describe. IF YES: When and for how long have you undergone treatment, taken medication, or used assistive devices to help with your condition? Are there times when the treatment, medication, or assistive devices you use are less effective (such as when you are stressed or ill, or in certain weather conditions? Have you had to change your treatment, medication, or assistive devices because they were no longer effective? What are the side effects, or disadvantages, if any, of these treatments, medications, or assistive devices?

I'm not undergoing any treatment for my hearing loss, but I do take an anxiety medicine due to me being stressed out in this hostile work environment and constantly being harassed.

10. With your use of medicines or assistive devices, and considering and side effects or disadvantages, how does your condition affect your functioning in daily life?

My hearing doesn't affect me unless my hearing aid is out. Sometimes with my hearing aid, I know I can have a higher pitch voice that comes along with having a hearing loss. My anxiety medicine helps me remain calm in this hostile work environment that I'm constantly being harassed in.

 Gmail

Shaunte Fason <slfason1978@gmail.com>

---

## Fwd: Good Morning

**Shaunte' Fason** <SLFason@mlgw.org>                                          Tue, Aug 2, 2022 at 6:07 PM
To: "SLFASON1978@GMAIL.COM" <slfason1978@gmail.com>

---

**From:** Shaunte' Fason <SLFason@mlgw.org>
**Sent:** Friday, April 1, 2022 12:19 PM
**To:** tpollion@ibewlocal1288.org <tpollion@ibewlocal1288.org>
**Subject:** Good Morning

Ms. Angela Steward,

I want to file a complaint of harassment on my supervisor, can you please tell me how I go about doing it. I have been constantly pulled into the office blantly talking about my FMLA which is totally against HIPPA Laws. On Monday January 24, 2022 I called in to work because I have FMLA on file.  Mr. Jackson blantly asks me why do I always get a headache over the weekend?  My response was I said I never know when I will have a flare up, but it's been here since Saturday morning. He said call Mr. Shotwell. I said sure I called Ron and told him to put me down for FMLA and that I had already notified Charles she just said ok. There have been instances where I have called in FMLA Mr. Shotwell will sigh on the phone, and then say let me call Gale and Tamara and let them know. I'm like okay . My paperwork is on file. After getting off the phone with Mr. Jackson, I contacted Union Stewart Tommie Pollion to let him know what was said to me when I called in. There have been instances in the past where I have been called in the office for calling in using my FMLA , and I have told Mr. Jackson that my doctor says that I can take off 6 times a month and if I have a headache or migraine and cannot function I won't be in. He then says well they may say that but they don't really mean it, in my face in his office. I said well whatever my paperwork states that's what I can take. I was livid and called my union steward and told him about it.  I return to work on January 27, 2022, on the zoom call Mr. Shotwell spotlighted Zena Bowen and blantly said PBX has some issues there. (I felt very offended) when I got off of work me and Anthony Burks talked about the zoom call he asked me if I was ok and I clearly said no that I felt it was wrong on all levels, because I have my federal paperwork on file, and am not abusing FMLA there are times where I cannot function and must call in. Long story made short, My neurologist took me off and I ended up having to get two shots one in both arms and was taken off all of those days. I feel like I'm given a hard time when I've put in my Legal Federal Paperwork in place. On February 3, 2022, I sent my sign on email on time @ 08:30 am, Outlook didn't send it to him till 9:42 a.m. I was called in the office once again asking why I was an hour late harassed again, I clearly told him that it was the snow days and every day I was the only employee that showed up early, every other employee was late security spoke up for me. By this time I'm clearly upset, as I keep a paper trail of everything that goes on up here, and my union steward Tommie Pollion has been copied or texted every time I have been harassed. I went downstairs to HR and called Security and spoke with Officer Malone she verified that every day I was in on time, because they allowed me to park in handicap since last year I had to pay $150.00 to get out of the snow, after being stuck. Mr. Jackson then wants to apologize and tell me he is sorry, no before you pull someone into the office do an investigation don't assassinate a person's character and accuse them of being late when I was the only employee that came in on time every snow day.  I feel very uneasy coming in to work constantly being harassed when I return back to work and how I'm treated when I call into work.  Now here we are on April 1, 2022 I am pulled into the office and he states that he has been getting complaints about my phone being off in PBX.

I clearly ask him who complained because it would have to be from the inside up here in PBX he says no it's people from the outside. Which I know this isn't true because only the inside would know, if our phone is off. A person calling from the outside would have to know my extension number to see if my phone is off, and it's clear customers don't have access to that. I don't appreciate being talked to this way by Mr. Jackson when I asked if it came from my peers, it clearly lets me know I'm being picked on.  Ms. Zena Bowen is the administrator and she can see everything. I clearly asked her if she had complained to him she said no. There have been times in the past when my console disconnected my phone and she'd say hey Shaunte your phone disconnected and I'd reconnect it instantly. It is impossible to sit idle without the other operator knowing. I noticed there have been times where Mr. Jackson will come up to PBX every day and peek around the corner to see what I'm doing as If I cannot see him  because my back is turned , I see everything whether I say anything or not. There are times where our phones will disconnect themselves by themselves because of the computers and software being old every time. There have been numerous of tickets created in the help desk system regarding this. I come into work my phone is always on, I never sit with my phone off because it's impossible to have anyone of our phones off in PBX when it's a switch board and it will notify the other workers if calls are coming in, they will get repetitive calls constantly because the other person phone is off. This was the main reason I bided out of the mailroom, to get from away from under Mr. Jackson leadership, as it was the same things going on when I was in the mailroom. It just amazes me that  Mr. Jackson always pulls me in the office. ( no one else gets pulled in ever !!!!)  I'm tired of being harassed. I notice every time like I'm the one he loves to pick on all the time about things, as he never calls any of the other two employees in to his office never. So not only am I  falsely accused I'm constantly being harassed about how I take my FMLA. I clock in do my job don't say anything to anyone from the time I sit down to the time I leave. This makes my job very uneasy to the point where I don't even like coming in here, because I'm constantly picked on and am always called into his office constantly harassed, and every time it's for something that makes no sense to me, anytime my union steward has ever gotten involved it has always been done in proper protocol and according to our handbook on my end no company rules never violated. So this to me is clearly called harassment. It makes me upset, because I am a very attention to detail oriented individual and I pay attention to everything that goes on around here. When Mrs. Jacqueline Reed was over us, I didn't have none of these issues, great reviews, no harassment nothing and was never pulled in to the office,  but as soon as Mr. Jackson get us back I have been trying to bid out every since. Also when Alvin brown was here, he would make him pull my call logs and say that I don't take as many calls as Zena  because I'm fulltime , my response was Zena comes to work more than me I have a serious medical condition that prohibits me to come on certain days. Also I got my union Steward involved because we are not on a quota in PBX when it comes to calls it is nowhere in our job description. You don't know how many calls an individual PBX operator line gets. Then on my sick days they are making me bring a doctor note every time I'm sick. But not when I take my FMLA and I am constantly pulled in the office about it.  And in the past I have had to have my union Steward involved because my performance reviews he tried to ding me on my attendance which I had doctor notes for every day and FMLA paperwork on file and he would always try to go back a year and try to write me up. The Union would overturn this every time. To top all of this,  Mr. Tommie has been following all of this since day one, I sent this complaint to Linda Ford she stated that she addressed these issues with the parties but was not at liberty to discuss it with me. Going through this makes my work day unpleasant and uneasy to be in an environment as such, please let me know what I can do, because this has to stop as I come in to work and that's what I do every day while being quiet. I'm quiet because of what goes on. I always make sure I'm a attentative employee, and have been told by Mr. Shotwell that I am a very good operator. He has sat next to me several times and observed me do my job. So I don't understand why I'm being harassed on a continuous basis. This is causing undue emotional stress on my job when I know I come to work and do everything correct. Everyday. Please advise.

Thanks,

Shaunte' Fason

**Your water heater is the third largest energy user in your home, operating 24/7. Adjust the thermostat on your hotwater heater to 120 degrees or medium. To save on your MLGW bill, buy an EnergyStar model which will use less energy.**



All Information (c) Memphis Light, Gas and Water Division (MLGW). All Rights Reserved.
Privacy Policy
Feedback

This e-mail and any attachments represent the views and opinions of only the sender and are not necessarily those of Memphis Light, Gas & Water Division, and no such inference should be made.

http://gwarchive.mlgw.org/API/v1/messages/0c914419-4773-8879-4...

**From:** Linda Ford <LFord@mlgw.org>
**Sent:** Friday, February 11, 2022 12:28:58 PM
**To:** Shaunte' Fason <SLFason@mlgw.org>
**Subject:** RE: FMLA complaint

Shaunte' as I stated all of your states were address with the appropriate parties. I am not a liberty to discuss the specifics with you.

If you have additional concerns, please address with Tamara and/or I.

Thanks,
Linda F. Ford, PHR, SHRM-CP

**From:** Shaunte' Fason <SLFason@mlgw.org>
**Sent:** Thursday, February 10, 2022 9:46 AM
**To:** Linda Ford <LFord@mlgw.org>
**Subject:** FMLA complaint

Good Morning,

 How were my issues and concerns addressed ? Pertaining to my complaint ? Attached is a copy of the doctor statement from my neurologist on top on my approved FMLA paperwork.

Thanks,

Shaunte' Fason

**From:** Linda Ford <LFord@mlgw.org>
**Sent:** Friday, February 11, 2022 12:28:58 PM
**To:** Shaunte' Fason <SLFason@mlgw.org>
**Subject:** RE: FMLA complaint

Shaunte' as I stated all of your states were address with the appropriate parties. I am not a liberty to discuss the specifics with you.

If you have additional concerns, please address with Tamara and/or I.

Thanks,
Linda F. Ford, PHR, SHRM-CP

**From:** Shaunte' Fason <SLFason@mlgw.org>
**Sent:** Wednesday, October 19, 2022 10:06 AM
**To:** Renee Daniel <RDaniel@mlgw.org>
**Subject:** EEOC charge

Good Morning,

 So where are we within my filing of my charge ? I'm following up with you to check the status. Thanks so much. I understand it was put on hold while being off for the past three months.

Thanks,
Shaunte' Fason

**From:** Renee Daniel <RDaniel@mlgw.org>
**Sent:** Wednesday, October 19, 2022 6:42:03 PM
**To:** Shaunte' Fason <SLFason@mlgw.org>
**Subject:** RE: EEOC charge

Good Evening Ms. Fason,

Thank you for updating me on your return. I will proceed with finalizing your complaint and give you an update.

Best Regards,


Renée Daniel
Acting Manager
Labor Engagement, Diversity & Inclusion
Memphis Light, Gas and Water
220 South Main Street, Suite 105
Memphis, TN 38103
901-528-4264 (PHONE)
901-528-7608 (FAX)
rdaniel@mlgw.org

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TENNESSEE

WESTERN DISTRICT

**SHAUNTE FASON**

Plaintiff,

v.

**MEMPHIS LIGHT GAS AND WATER DIVISION**

Defendant,

# EXHIBIT D



**MEMPHIS LIGHT, GAS AND WATER DIVISION**
**INTER-DEPARTMENTAL CORRESPONDENCE**

**Labor Engagement, Diversity & Inclusion Department/ AB-105/ 528-4264/ FAX 528-7608**

**TO:**       Shaunte'Fason, # 04022

**FROM:**   Renée Daniel, Acting Manager

**DATE:**   November 8, 2022

**SUBJECT:**   Disability Charge
Charge # 21-11

---

## ADMINISTRATIVE CASE CLOSURE

---

Please be advised LEDI received a Notice of Charge, on October 28, 2022, from the EEOC alleging disability discrimination. The external complaint alleges the same charge as your internal charge, therefore, LEDI is administratively closing your case.